**XIURONG LIU, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES,** Respondent.

No. 08–2531.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on June 11, 2009.

Opinion filed: Sept. 1, 2009.

Charles Christophe, Esq., Christophe & Associates, New York, NY, for Petitioner.

Brianne W. Cohen, Esq., Richard M. Evans, Esq., Virginia M. Lum, Esq., Jocelyn L. Wright, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, NYGAARD and ROTH, Circuit Judges.

OPINION

PER CURIAM:

Xiurong Liu petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order of removal. For the reasons that follow, we will deny her petition.

Liu, a native and citizen of China, arrived at the United States–Mexico border in September 2004 without a valid visa or other travel document. She was placed into removal proceedings, and thereafter sought asylum, withholding of removal, and relief under the Convention Against Torture. Following a hearing on November 22, 2006, the IJ denied relief. The BIA dismissed the appeal and issued a final order of removal on May 7, 2008. Liu filed a petition for review.

The IJ based his denial of Liu's request for relief on his conclusion that she was not a credible witness. This finding was based on the numerous inconsistencies both between Liu's credible fear interview and her testimony at the hearing and within her hearing testimony, her admission that she lied during her credible fear interview, and her reliance on supporting documentation that appeared to the IJ to be fabricated. At her credible fear interview, Liu stated that she was married, that she had given birth to one child, and that her second pregnancy was forcibly aborted.

In a supplemental statement submitted with her asylum application, she admitted that these statements had all been untrue and that she had made them at the direction of the smugglers, who threatened her and her family if she did not. She explained that she was rescinding those statements because the smugglers had been captured and she was no longer afraid of them.

In her asylum application and at the hearing, Liu claimed that she was seeking relief from removal because she had been married before the legal age in China and therefore her marriage was illegal.[1] She claimed that when the family planning officials learned of the illegal marriage, they threatened her with fines and with the insertion of an IUD. She and her husband went into hiding until she left for the United States. She claimed that she did not want to be implanted with an IUD because she wanted to have three children, and she could not afford to pay the fines. Notably, her testimony at the hearing was that she would have been fined in the amount of 25,000 RMB and that she paid over 500,000 RMB to come to the United States. Liu maintained that if she was returned to China, she would be jailed and fined. In support of her application, she submitted letters from her parents and her in-laws. The IJ observed that the language in each of these letters was strikingly similar to the others and to her supplemental statement and that he therefore believed that they had been fabricated. Based on his adverse credibility determination, the IJ denied all forms of relief and ordered Liu removed to China.

In dismissing her appeal, the BIA concluded that Liu was unable to demonstrate on appeal that the IJ's adverse credibility finding was clearly erroneous. The BIA further held that, even if it were to accept her testimony as true, she failed to establish past persecution or a well-founded fear of future persecution upon return to China. The BIA reasoned that Liu was never arrested, detained or physically mistreated, she never paid the fine that was allegedly imposed for her illegal marriage or refusal to have an IUD implanted, and she was unable to show that the fine in her case would result in such a substantial economic deprivation that it would constitute persecution. With respect to her family planning claim, the BIA found that the threat of the forced insertion of an IUD alone does not *per se* constitute persecution. Because she is now of legal age, the BIA concluded that she could legally marry and have a child in China. Finally, the BIA held that Liu's claim that she would jailed based on her illegal departure from China was speculative at best and could not support her claim for relief.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. To be granted asylum as a refugee, an applicant must establish that she is unable or unwilling to return to her homeland "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To be entitled to withholding of removal, an applicant must prove that her "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). It is well-recognized that an alien who is unable to establish refugee status for the purpose of asylum will be unable to establish the right to withholding of removal. *See Zubeda v.*

---

1. Liu claimed that she was married at age eighteen, but that she did not seek permission for the marriage because she was below the legal age of twenty-one. At the time of the hearing, Liu was over twenty-one years of age.

*Ashcroft,* 333 F.3d 463, 469 (3d Cir.2003). An applicant for either form of relief must offer "credible, direct and specific evidence" in support of her claim. *See Chen v. Ashcroft,* 376 F.3d 215, 223 (3d Cir. 2004); *Balasubramanrim v. INS,* 143 F.3d 157, 165 (3d Cir.1998).

The IJ denied relief because he found that Liu was not credible. Because the BIA's decision clearly incorporated the adverse credibility findings made by the IJ, we review both determinations at this time. *See Chen,* 376 F.3d at 222; *Voci v. Gonzales,* 409 F.3d 607, 612 (3d Cir.2005). The adverse credibility determination is a factual finding subject to review under the substantial evidence standard. *See Kaita v. Attorney General,* 522 F.3d 288, 296 (3d Cir.2008). "Under this deferential standard of review, we must uphold the credibility determination of the BIA or IJ unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Chen,* 376 F.3d at 222 (quoting 8 U.S.C. § 1252(b)(4)(B)). However, an adverse credibility finding based on inconsistencies in the record must be based on matters that go to the heart of the asylum claim.[2] *See Kaita,* 522 F.3d at 296.

Based on a thorough review of the record, we conclude that the adverse credibility finding is supported by substantial evidence. Liu does not address the IJ's finding that her testimony was not credible due to discrepancies between her representations during her credible fear interview and in her written application for relief and her testimony before the IJ. Those discrepancies were significant and we defer to the IJ's conclusion that Liu failed to rehabilitate her credibility after admitting to lying during her credible fear interview. *See Chen v. Gonzales,* 434 F.3d 212, 220–21 (3d Cir.2005) (noting that "an IJ is normally in the best position to make credibility determinations as he is uniquely qualified to decide whether an alien's testimony has about it the ring of truth").

The only aspect of the IJ's adverse credibility determination that Liu does address in her brief is the IJ's comment regarding the similarities between Liu's written statement and the letters from her relatives. Liu argues that these similarities can be explained largely by the translation process and the fact that people from the same village tend to use similar terminology. The question on review is whether Liu has demonstrated that "the evidence not only supports a contrary conclusion, but compels it." *See Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir.2001). We cannot say that it does.[3]

**2.** In enacting the Real ID Act of 2005, Congress changed the credibility determination standard. *See* Real ID Act of 2005, Pub.L. No. 109–13, Div. B, § 101, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1158(b)(1)(B)(iii). However, this new provision only applies to applications for relief filed after May 11, 2005, the effective date of the Act. *See id.* As the Government concedes, these changes are not applicable to the instant petition, as Liu filed her application for relief prior to that date. *See Chukwu v. Attorney General,* 484 F.3d 185, 189 (3d Cir.2007).

**3.** Liu also challenges the BIA's alternative holding that, even if it were to accept her testimony as true, she failed to establish past persecution or a well-founded fear of future persecution upon return to China. Liu argues that she fled China out of fear of forcible insertion of an IUD, as well as the possibility of being jailed and fined, and that this alone qualifies as a well-founded fear of future persecution. In light of our holding regarding the IJ's credibility determination, we need not reach the merits of this claim. We note, however, that Liu fails to cite to, nor are we aware of, any precedent holding that the threat of insertion of an IUD alone qualifies as persecution. *See Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993) (defining persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom").

Based on the foregoing, we will deny the petition for review.

